McLendon *et al. vs.* McLendon *et al.*

When a judge has certified one bill of exceptions, his statutory power is exhausted. He has no authority to certify a second. As the first was not served, the writ of error must be dismissed.

Practice in the Supreme Court. August Term, 1878.

Reported in the decision.

SIMMONS & PICKETT; J. H. GUERRY, for plaintiffs in error.

J. G. PARKS, by JACKSON & LUMPKIN, for defendants.

WARNER, Chief Justice.

When this case was called upon the docket, a motion was made to dismiss it, on the ground that the original bill of exceptions in the case, signed by the judge, had not been served as required by law. It appears that on the 15th day of December, 1877, the bill of exceptions was signed and certified by the judge, and filed in the clerk's office on the 24th of December, 1877. When the clerk went to make out the record for this court, he discovered that the bill of exceptions had not been served, and called the attention of one of the plaintiffs' counsel to that fact on the 28th of December, 1877, who asked leave to let him take the bill of exceptions and serve it on the opposing counsel. The counsel took the bill of exceptions from the clerk's office, but never returned it. On the 1st day of January, 1878, counsel for the plaintiffs in error stated to the clerk that the bill of exceptions had been lost, and handed to the clerk another bill of exceptions, signed and certified by the judge on the 31st of December, 1877, and which was filed in the clerk's office on the 1st of January, 1878, and served on the opposite party on the 2d of January, 1878. When the judge signed and certified the bill of exceptions in the case on the 15th of December, 1877, he had exhausted the power conferred on him by law in regard to the signing and certifying a bill of exceptions in that case, and inasmuch as the bill of exceptions signed and certified by the judge on the 15th of December, 1877, was not served on the opposite party as required by law, the writ of error must be dismissed.